EVELYN G. PORTER *vs.* SYLVIA ACKERMAN & others.[1] SYLVIA ACKER-
MAN, third-party plaintiff, *vs.* DAE MANN KIM, third-party defendant.
June 5, 1980. In 1972, Porter commenced an action in Superior Court,
Middlesex County, for personal injuries against Ackerman, Janet H.
Fields, Douglas X. Shattuck, and Kim, as joint or concurrent tortfeasors,
the claim alleged having arisen from a 1970 motor vehicle accident. After
answers, Kim presented interrogatories to Porter, and in consequence of
Porter's failure to respond, Kim in 1972 obtained judgment of nonsuit
with costs against Porter. Thereafter the Porter action was transferred to
the District Court of Southern Norfolk pursuant to G. L. c. 231, § 102C.
In 1977, the defendant Ackerman, as third-party plaintiff, moved in the
District Court to implead Kim, as third-party defendant, seeking contri-
bution from him, in the event Porter should subsequently recover against
Ackerman. After being served with process, Kim moved to dismiss the
third-party claim, pointing to the 1972 judgment of nonsuit. A judge of
the District Court held for Kim and rendered a report. Agreeing, the Ap-
pellate Division of the District Courts, Southern District, dismissed the
report. Ackerman appealed to this court. We affirm, amending herein
our initial opinion to include consideration of an argument made in
Ackerman's petition for rehearing.

Ackerman has a contingent claim for contribution against Kim unless
that claim was impaired by the 1972 judgment between Porter and Kim.
Cf. *Hayon* v. *Coca Cola Bottling Co.,* 375 Mass. 644 (1978); *O'Mara* v.
*H.P. Hood & Sons,* 359 Mass. 235 (1971). Ackerman has argued that the
1972 judgment could not be given any such effect because it was "not on
the merits" or "without prejudice." But it appears from G. L. c. 231,
§ 64, and Superior Court Rules 36 and 37, see also G. L. c. 250, § 15 —
all as in force in 1972 prior to the adoption of our Civil Rules — that a
judgment of nonsuit for failure to answer interrogatories was intended to
operate with full preclusive effect, unless vacated or set aside by the plain-
tiff on the terms and within any time limits prescribed. No case is cited
that is precisely in point on the facts, but such cases as *Beserosky* v.
*Mason,* 269 Mass. 325 (1929), show the way. The Appellate Division
referred as an analogy to the older law regarding the dismissal of a cause
of action on demurrer, which could ripen into a judgment with preclusive
force, as indicated in *Osserman* v. *Jacobs,* 369 Mass. 200, 203-205 (1975).
It may be added that under Mass. R. Civ. P. 33 (a), 368 Mass. 906
(1976), and 37 (d), 41 (b) (3), 365 Mass. 797, 803 (1974), certain failures
to answer interrogatories may result similarly in preclusion of claims.

On petition for rehearing, Ackerman offered the new argument that
even if the 1972 judgment was "on the merits" as between Porter and
Kim, it should not be held to preclude Ackerman's claim for contribution

---

[1] As mentioned in the opinion.

against Kim. Ackerman says that by ordinary principles of res judicata she should not be barred against Kim because she should not be conceived to have been a party to Porter's case against Kim; and in that connection she refers by analogy to cases where a tortfeasor, sued by the injured party, is held entitled to implead a third person as joint tortfeasor in order to claim contribution, even though a direct action by the injured party against the third person has not been brought and would now be barred by the statute of limitations. See *Corning Glass Works* v. *Puerto Rico Water Resources Auth., Inc.,* 396 F.2d 421 (1st Cir. 1968). We believe, however, that in the circumstances of the present case the more cogent analogy is found in that part of our statute on contribution among joint tortfeasors which provides that when the injured party gives a release (or covenant not to sue or not to enforce judgment) to one of two or more persons liable in tort for the same injury, it discharges that tortfeasor from liability for contribution to any other tortfeasor, provided it has been given in good faith. G. L. c. 231B, § 4 (*b*).[2] As the Appellate Division suggested, if it is shown that parties in the position of Porter and Kim connived in a nonsuit for the purpose of depriving the other concurrent tortfeasors of their rights to contribution, an equitable remedy could be found.

There was argument that the service of process by Ackerman on Kim was not properly made, but the question need not be pursued.

*Order dismissing report affirmed.*

*Henry J. DuLaurence, III (John C. Lacy* with him) for Sylvia Ackerman.

*Robert W. Bramley* for Dae Mann Kim.

---

[2] Section 4, inserted by St. 1962, c. 730, § 1, provides: "When a release or covenant not to sue or not to enforce judgment is given in good faith to one of two or more persons liable in tort for the same injury: (*a*) It shall not discharge any of the other tortfeasors from liability for the injury unless its terms so provide; but it shall reduce the claim against the others to the extent of any amount stipulated by the release or the covenant, or in the amount of the consideration paid for it, whichever is the greater; and (*b*) It shall discharge the tortfeasor to whom it is given from all liability for contribution to any other tortfeasor."