THURSA B. GRACE, administratrix, & another *vs.* THOMAS BUCKLEY & others. May 24, 1982. This is an action for personal injuries sustained by Julia L. McCarthy, who suffered brain damage from lack of oxygen during an operation. The case was settled on the day the trial was to begin. Stipulations for dismissal, signed by the plaintiffs' attorney and the particular defendant's attorney, were filed for each of the three then-defendants, and judgments were entered accordingly. A week later the defendant Buckley, an anesthesiologist who together with another anesthesiologist had agreed to a $900,000 settlement, half to be paid by each, filed a motion to amend judgment, the denial of which is the subject of the present appeal.

The purpose of the motion was to preserve rights of contribution against the defendant Molloy, an orthopedic surgeon, who denied liability and had not agreed to any contribution. The stipulation of dismissal of the counts against Molloy specified that the dismissal was to be with prejudice. Absent such specification a voluntary dismissal is ordinarily without prejudice. See Mass.R.Civ.P. 41(a)(1), 365 Mass. 803 (1974). A good faith dismissal with prejudice against one of several joint tortfeasors operates to deprive the others of rights of contribution against him. *Porter* v. *Ackerman*, 380 Mass. 936, 937 (1980). G. L. c. 231B, § 4(*b*), as appearing in St. 1962, c. 730, § 1. See also *Bishop* v. *Klein*, 380 Mass. 285, 294 (1980).

The technical ground for the motion was that the Molloy stipulation had not been signed by counsel for all defendants, a requirement for a postanswer stipulation of dismissal under rule 41(a)(1)(ii), and that the assent of counsel for Buckley to a dismissal with prejudice in favor of Molloy had not been sought or given. As the judge found, however, counsel

for all parties informed the court jointly of the settlement and the stipulations were executed and filed at virtually the same time. It is clear that counsel for each party knew or should have known the terms of each stipulation and that a motion to reopen what had been done, on the basis of objections not raised at the time, lay within the judge's discretion. In exercising this discretion, the judge could take into account the probability, developed by affidavits and documents put before him, that there was no evidentiary basis for a finding of negligence against Molloy, as there was against the two anesthesiologists. He could also take into account that the affidavit of Buckley's attorney fell short of stating that he did not know the terms of the Molloy stipulation at the time the several stipulations were filed with the court.

More important, the defendant Buckley has no substantive right in any event to require the defendant Molloy to make contribution. Under G. L. c. 231B, § 4, a tort claimant has it within his power to give a release from liability to one of several joint tortfeasors, and such a release, if given in good faith and before judgment (see *Bishop* v. *Klein, supra*), will preclude a claim for contribution against the released tortfeasor. *Boston Edison Co.* v. *Tritsch*, 370 Mass. 260, 265 (1976). *Porter* v. *Ackerman, supra*. (Contrast *Robertson* v. *McCarte, ante* 441, 442-444 [1982], relative to releases in favor of all or several joint tortfeasors.) The right of a joint tortfeasor not so released is merely to have the value of any consideration given for such a release subtracted from the total of the damages found to have been suffered by the victim. G. L. c. 231B, § 4(*a*). *Tritsch* v. *Boston Edison Co.*, 363 Mass. 179, 182-183 (1973). *Boston Edison Co.* v. *Tritsch*, 370 Mass. at 265. So far as appears from this record the plaintiffs were given nothing for releasing Molloy, their reason being, according to their attorney, that the evidence with respect to Molloy furnished no basis for a finding of negligence.

> *Order denying motion to*
> *amend judgment affirmed.*

*James J. Walsh* for Thomas Buckley.
*Wilson D. Rogers, Jr.*, for John Molloy.

