Marion O. NELSON

v.

Joseph PTASZEK, Sr., et al.

No. 83–433–Appeal.

Supreme Court of Rhode Island.

March 7, 1986.

Edward Grourke, Pawtucket, for plaintiff.

Earl E. Metcalf/Carol A. Zangari (Anderson Henning & Anderson), Providence, for defendant.

Before BEVILACQUA, C.J., and KELLEHER, WEISBERGER, MURRAY and SHEA, JJ.

## OPINION

MURRAY, Justice.

This is an appeal by the plaintiff, Marion O. Nelson, from a Superior Court judgment granting the defendants' motion to dismiss her complaint. We affirm.

On February 13, 1981, plaintiff, while operating an automobile, was involved in a collision with a vehicle operated by defendant Joseph Ptaszek, Jr., and owned by defendant Joseph Ptaszek, Sr. Both plaintiff and Stephen Ptaszek (Stephen), a minor who was a passenger in defendants' vehicle, sustained injuries.

On May 7, 1981, plaintiff, in exchange for $150, executed a release in favor of defendants. The plaintiff subsequently tendered $3,000 to Stephen's parents who, acting on his behalf, signed a release of claim in favor of plaintiff.

Thereafter, plaintiff instituted an action in the District Court seeking contribution from defendants under the Uniform Contribution Among Tortfeasors Act, G.L. 1956 (1969 Reenactment) chapter 6 of title 10. The plaintiff sought recovery of defendants' pro-rata share of the $3,000 payment.

In their answer, defendants asserted the release executed by plaintiff as a bar to the action. The defendants alleged that the release operated as a waiver by plaintiff of all claims against them, including any right to contribution. The defendants subsequently moved to dismiss the action. The District Court granted the motion.

The plaintiff appealed to the Superior Court, which also dismissed the action. It is from this judgment that plaintiff appeals to this court.

■ The release executed by plaintiff provides in pertinent part as follows:

## "RELEASE OF ALL CLAIMS

I * * * [plaintiff] * * * do hereby release * * * [defendants] * * * from any and all claims, demands, damages, costs, expenses, loss of services, actions and causes of action, arising from any act or occurrence up to the present time and particularly on account of all personal injury, disability, property damage, loss or damages of any kind already sustained or that I may hereafter sustain in consequence of [the] accident.

To procure payment of the said sum, I hereby declare: * * * that no representations about the nature and extent of said injuries, disabilities or damages made by any physician, attorney or agent of any party hereby released, nor any representations regarding the nature and extent of legal liability or financial responsibility of any of the parties hereby released, have induced me to make this settlement; that in determining said sum there has been taken into consideration not only the ascertained injuries, disabilities and damages, but also the possibility that the injuries sustained may be permanent and progressive and recovery therefrom uncertain, and indefinite, so that consequences not now anticipated may result from the said accident.

I hereby agree that, as a further consideration and inducement for this compromise settlement, this settlement shall apply to all unknown and unanticipated injuries and damages resulting from said accident, casualty or event, as well as to those now disclosed.

I understand that the parties hereby released admit no liability of any sort by reason of said accident and that said payment and settlement in compromise is made to terminate further controversy respecting all claims for damages that I have heretofore asserted or that I or my personal representative might hereafter assert because of the said accident."

The document does not contain any express waiver of plaintiff's right to contribution.

Despite plaintiff's arguments to the contrary, we find the release neither to be ambiguous nor to evince an intent by the parties to reserve plaintiff's right, if any, to obtain contribution from defendants.

In asserting that the parties did not intend to include a waiver of her right to contribution, plaintiff notes that she received only $150 in exchange for the release. The plaintiff refers this court to her response to an interrogatory in which she stated that the $150 was received in payment of her medical expenses. However, extrinsic evidence is admissible to aid in interpretation of a written agreement only when the document is ambiguous. *Ventures Management Co. v. Geruso,* 434 A.2d 252, 254 (R.I.1981); *Sco-Mar, Inc. v. Rhode Island Tool Co.,* 115 R.I. 516, 349 A.2d 609 (1976). A release is ambiguous only when it is susceptible of more than one interpretation. *Lennon v. MacGregor,* 423 A.2d 820, 822 (R.I.1980); *Fryzel v. Domestic Credit Corp.,* 120 R.I. 92, 99, 385 A.2d 663, 667 (1978). Where, as here, the document is unambiguous, the language of the release itself is controlling in determining the intent of the parties and "governs the legal consequences of its provisions." *Dudzik v. Leesona Corp.,* 473 A.2d 762, 765 (R.I.1984).

 The release executed by plaintiff is reasonably susceptible of only one interpretation. The document clearly and unambiguously releases defendants "from any and *all* claims, demands, damages, costs, expenses, loss of services, actions and causes of action." (Emphasis added.) Despite plaintiff's argument to the contrary, the release is not limited to a waiver of claims for personal injury and property damage. If the parties intended to reserve plaintiff's right to contribution, they should have expressly so stated. Here, however, the parties chose not to do so, electing instead to execute a release that waived all claims without reservation. The language of the document evincing an intent to waive all claims, including any right to contribution, plaintiff is precluded from using extrinsic evidence to demonstrate a contrary intention.

The plaintiff also argues that at the time she signed the release her right to contribution had not yet matured and therefore was not releasable. We disagree.

 As of May 7, 1981, when the plaintiff executed the release, she had not yet made any payment to Stephen. As the plaintiff correctly asserts, pursuant to § 10–6–4, a joint tortfeasor is not entitled to a final money judgment until he or she has discharged the common liability or has paid more than his or her pro-rata share. However, until such time, the right to contribution is inchoate. *Markham v. Cross Transportation, Inc.,* 119 R.I. 213, 230, 376 A.2d 1359, 1368 (1977). Such an inchoate right is releasable. *See, e.g., Rakowski v. Lucente,* 120 Ill.App.3d 715, 76 Ill.Dec. 293, 458 N.E.2d 947 (1983); *Norton v. Benjamin,* 220 A.2d 248 (Me.1966); *Grace v. Buckley,* 13 Mass.App. 1081, 435 N.E.2d 655 (1982); *Stutz v. Campbell,* 602 S.W.2d 874 (Mo.Ct.App.1980); *Claunch v. Bennett,* 395 S.W.2d 719 (Tex.Civ.App.1965).

For the above reasons, the plaintiff's appeal is denied and dismissed. The judgment appealed from is affirmed.