AETNA CASUALTY & SURETY COMPANY

v.

Shirley FARR et al.

No. 90–196–Appeal.

Supreme Court of Rhode Island.

July 22, 1991.

Michael G. Sarli, Gidley, Lovegreen & Sarli, Providence, for plaintiff.

Ronald J. Resmini, Ronald J. Resmini Ltd., Providence, for defendant Shirley Farr.

Robert J. Dumouchel, Higgins & Slatter, Providence, for defendant Peerless Ins. Co.

OPINION

WEISBERGER, Justice.

This case comes before us on the plaintiff's appeal from a judgment in favor of the defendants and from a decision denying the plaintiff's motion for summary judgment. We affirm the trial justice's decision denying the motion and remand the case for further findings of fact. The facts of the case insofar as pertinent to this appeal are as follows.

The plaintiff, Aetna Casualty & Surety Company (Aetna), delivered a business-automobile liability policy to MCA, Inc. (MCA), at MCA's corporate headquarters in California. Pursuant to the language of the policy, MCA specifically rejected uninsured-motorist insurance in states where such coverage is not mandatory.

Coverage under the Fleet Policy issued to MCA was effective from December 31, 1982, to December 31, 1983. During that time, defendant, Shirley Farr (Farr), was

involved in an automobile accident with an uninsured motorist in Connecticut. Farr was employed by Spencer Gifts, a subsidiary of MCA, and was driving a company car in the course of her employment when the accident occurred.

Spencer Gifts (Spencer) is principally located in New Jersey and had leased the company car Farr used from Sherwood Leasing Company (Sherwood). Sherwood, also located in New Jersey, owned the car, which was registered in New Jersey. Although Farr resided in New Jersey when the Aetna policy was issued, she had moved to Rhode Island prior to the time of the accident.

In addition to providing the fleet coverage, Aetna was also MCA/Spencer's workers' compensation carrier. As a result of the automobile accident, Farr brought a claim against MCA/Spencer for workers' compensation benefits. Upon signing a release dated May 30, 1985, she received $40,000 from Aetna and MCA/Spencer.

Several months later, Farr instituted an action to recover uninsured-motorist benefits, pursuant to the Aetna policy, by filing a claim in Rhode Island through the American Arbitration Association. Aetna responded by filing a petition for declaratory judgment and a motion for summary judgment. Count 1 of its complaint alleged that Farr was not legally entitled to uninsured-motorist benefits under the fleet policy since MCA/Spencer had opted not to purchase such insurance from Aetna.

In January of 1987 Peerless Insurance Company (Peerless) filed a motion to intervene as a defendant in this case. Peerless had issued an automobile insurance policy to Farr's husband, and Farr made an additional claim for uninsured-motorist coverage pursuant to that policy. Adopting Farr's position, Peerless argues that Aetna is obligated to pay the uninsured-motorist claim. It maintains that Peerless is only responsible for any possible excess that may remain after the amount due under the Aetna policy is paid.

Peerless's motion to intervene and Aetna's motion for summary judgment and petition for declaratory judgment were heard together by a Superior Court justice. He issued a written decision granting Peerless's motion to intervene and denying Aetna's motion for summary judgment and petition for declaratory judgment. The trial justice determined that New Jersey was the forum with the most significant interest in the dispute and that its substantive law should control the case. Since uninsured-motorist coverage is mandatory in New Jersey, MCA/Spencer's rejection of such coverage in its policy with Aetna was not valid. Therefore, he held, Farr was entitled to uninsured-motorist coverage under the Aetna policy. Aetna filed a notice of appeal on September 9, 1987, and again on February 10, 1988. During the pendency of this appeal Aetna added a second count to its complaint in the Superior Court.

Aetna's second count, with which we are presently concerned, alleged that by executing a release on May 30, 1985, Farr forfeited all causes of action arising from the automobile accident. A second justice of the Superior Court initially granted Aetna's motion for summary judgment in regard to count 2 but proceeded to vacate the judgment since Peerless had not been notified of the summary-judgment proceedings. Upon hearing Aetna's motion for a second time, the same trial justice denied its motion for summary judgment. He determined that although the release signed by Farr precluded further claims to workers' compensation benefits, it did not operate, as a matter of law, as a general release of all rights and benefits that Farr might choose to pursue, such as uninsured-motorist benefits. He held in essence that the release was ambiguous and that it would be necessary to determine the intent of the parties as a question of fact.

Aetna filed a petition for a writ of certiorari, requesting review of the trial justice's denial of its motion for summary judgment on count 2, which was denied by this court on October 13, 1989. Aetna next moved to assign the case for a trial regarding the factual question of the parties' intent in executing the release. Although this motion was granted, Aetna proceeded to move

for entry of judgment, which was denied by the trial justice. Final judgment on count 2 was entered on March 26, 1990, in favor of defendants (for reasons which are not apparent on the record), and on that same date Aetna filed its notice of appeal to this court.

The release Farr signed upon receiving $40,000 from MCA/Spencer stated in pertinent part that Farr

"do[es] hereby remise, release, discharge and forever quit-claim unto the said payors, their successors and assigns, any and all manner of actions, causes of actions dues [*sic*], claims and demands, both in law and equity, and under the Workers' Compensation Act of the State of Rhode Island (including any other injuries and all claims for specific compensation and/or disfigurement) but especially those claims arising out of a certain loss as a result of the happening which occurred on August 12, 1983, while in the employ of the above employer-payor, which has been the subject matters [*sic*] of certain proceedings under said Workers' Compensation Act, as amended, between me and said employer-payor and of certain proceedings for commutation between me and both payors before the Workers' Compensation Commission."

Aetna argues that the language contained in the release is clear and unambiguous. It maintains that it is a general release pertaining to all possible claims Farr might have against MCA/Spencer, including one for uninsured-motorist coverage. Citing *Nelson v. Ptaszek*, 505 A.2d 1141 (R.I.1986), Aetna contends that since the release is unambiguous and contains no reservation of rights, extrinsic evidence cannot be introduced for purposes of interpretation.

While conceding that the release discharged actions under the Workers' Compensation Act, Farr maintains that it did not extinguish any other rights relating to the accident. She sees Aetna's interpretation of the release as overly broad. Since Farr considers the document ambiguous as it relates to an uninsured-motorist claim,

she argues that the release must be read in conjunction with the Resignation of Employment document, the Petition for Commutation, the Final Decree, and the Decree Ordering Commutation. By viewing the release in the context of the entire record, Farr maintains, it is apparent that she did not relinquish claims under the automobile policy.

■ Certain language in the release is consistent with a general release; however, the document specifically refers only to the workers' compensation claim. No explicit reference to an uninsured-motorist claim is made. Ambiguity may be inferred from this omission; and when ambiguity exists, extrinsic evidence may be introduced to ascertain the executing parties' intent. If a dispute about intent is apparent in the record, then a genuine issue of material fact has been discovered and it may not be decided in a motion for summary judgment. *See Lennon v. MacGregor*, 423 A.2d 820 (R.I.1980).

Despite Aetna's apparent knowledge that Farr intended to pursue her claim for uninsured-motorist benefits during the pendency of the workers' compensation action, the release mentions *specifically* only "those claims arising out of a certain loss as a result of the happening which occurred on August 12, 1983, while in the employ of the above employer-payor, which has been the subject matters [*sic*] of certain proceedings under said Workers' Compensation Act." Because of the inclusion in the release of this specific language relating to workers' compensation and the exclusion of any such specific reference to uninsured-motorist claims, the effect of the release is unclear.

■ The ambiguity found in the release necessitates a factual determination regarding the intent of the parties. The trial justice recognized the necessity for a factual determination but then erroneously proceeded to make that determination himself.

■ It is well-settled law in Rhode Island that the purpose of a summary-judgment proceeding is to determine the existence of factual issues, not to resolve those

issues that are found. *McPhillips v. Zayre Corp.*, 582 A.2d 747 (R.I.1990); *Commercial Union Companies v. Graham*, 495 A.2d 243 (R.I.1985); *Saltzman v. Atlantic Realty Co.*, 434 A.2d 1343 (R.I.1981). In response to Aetna's motion for summary judgment the trial justice stated:

> "I think the intent of the parties, when one considers the total circumstances, *is an issue of fact*, and the motion for summary judgment based upon the plaintiff's [Aetna's] assertion that, as a matter of law, she's entitled to plead this release in defense of the uninsured motorist coverage provisions is denied." (Emphasis added.)

It is apparent that the trial justice properly recognized the existence of a factual issue. However, following the denial of summary judgment, pursuant to a motion filed by Aetna for entry of judgment, the trial justice again considered the question of the release as a matter of law. Although the case had been assigned to the trial calendar and given expedited status on that calendar, the record indicates that no evidentiary hearing took place. However, judgment in favor of defendants was rendered on March 26, 1990. It is from that entry of final judgment that Aetna now appeals.

■ A study of the record in this case indicates that the question of the intent of the parties in executing that which Aetna claims to be a general release and that which Farr contends is merely a release of a workers' compensation claim must be decided at an evidentiary hearing. The trial justice clearly found that the release was ambiguous and that the intent of the parties was a question of fact. Since this issue is crucial to the determination of the case, we have no choice save to vacate the judgment and to remand the case to the Superior Court for the purpose of holding an evidentiary hearing on the question of the intent of the parties in executing the release set forth in count 2 of the complaint. Upon remand to the Superior Court, the parties are cautioned against moving for any legal determination in respect to this release. Only an evidentiary hearing will suffice.

Upon completion of the evidentiary hearing the Superior Court justice to whom the case is assigned will make findings of fact and conclusions of law concerning the effect of this release upon the pending action. Thereafter, either party aggrieved may appeal from the judgment that will then be rendered, and this court will then review not only the determination in respect to the release but also the partial declaratory judgment rendered in respect to count 1 concerning the applicability of the uninsured-motorist provision to the vehicle driven at the time of the accident.

For the reasons stated, Aetna's appeal is sustained in part. The final judgment entered with respect to count 2 is hereby vacated. The case is remanded to the Superior Court for further proceedings consistent with this opinion.