Frank N. **GUSTAFSON** et al.

v.

**MAX FISH PLUMBING & HEATING CO. and H. Bromberg & Sons, Inc.**

No. 92–382–Appeal.

Supreme Court of Rhode Island.

March 18, 1993.

Douglas Giron, Hinckley, Allen, Snyder & Comen, Providence, for plaintiffs.

David Campbell, Visconti & Petrocelli, Providence, for defendants.

## OPINION

PER CURIAM.

This matter came before this court on March 2, 1993, pursuant to an order directing both parties to appear and show cause why this appeal should not be summarily decided.

The facts of this case are not in dispute. The plaintiff, Frank N. Gustafson & Son, was the general contractor for a project performed for Brown University. The defendant Max Fish Plumbing & Heating Co. (Fish) was a subcontractor to plaintiff on the project. The second named defendant, H. Bromberg & Sons, Inc. (Bromberg), was a sub-subcontractor to defendant Fish. Pursuant to agreements they reached with plaintiff, Fish and Bromberg had the right to arbitrate any disputes related to work on the project.

During the course of the project a dispute arose. Bromberg claimed that it incurred additional expenses and demanded remuneration from plaintiff. Bromberg, unable to proceed directly against plaintiff, demanded compensation from Fish. Fish subsequently demanded arbitration against plaintiff, seeking indemnification for liability resulting from Bromberg's claim. Fish agreed to allow Bromberg to proceed in Fish's name against plaintiff.

In October 1990 Fish requested that plaintiff release to Fish the final payment for its work on the project. The plaintiff would not release the final payment until Fish executed a release waiving and releasing for itself and its subcontractors the right to file any liens and claims for payment. The plaintiff sent Fish a document entitled "Waiver of Lien—Material and Labor." On December 13, 1990, Fish executed that instrument. After receipt of Fish's release, plaintiff made a final payment to Fish.

After Fish's execution of the release, Bromberg continued to pursue its arbitration claim against plaintiff in Fish's name. The plaintiff filed suit to enjoin and dismiss Bromberg's arbitration claim. The trial justice denied plaintiff's request for relief and permitted Bromberg to pursue its claim in the name of Fish.

On appeal plaintiff contends that the trial justice erred in his construction of the release. The defendant asserts that the waiver is not a general release and thus should be narrowly construed. The waiver reads:

"WAIVER OF LIEN—MATERIAL
AND LABOR

"WHEREAS, the undersigned Max Fish Plumbing & Heating has been employed by Frank N. Gustafson & Sons, Inc. for the building(s) to be constructed at Brown University and commonly known as Rogers Hall.

"NOW, THEREFORE, for and in consideration of the sum of $586,677.00 for value received, the receipt whereof is hereby acknowledged, the undersigned do(es) hereby irrevocably waive and release any lien or claim or right to lien, for 100% of the labor or material or both, furnished through 10/19/90 against the above described premises and against any funds remaining in the hand of the owner, contractor or lender for the pur-

pose of paying for construction on said premises under and by virtue of the statute of the State of Rhode Island relating to mechanics' liens.

"The undersigned respectively warrants that all cost for labor, material and subcontract work has been paid covering work completed through 10/19/90."

The trial justice determined that the waiver was ambiguous and construed its terms against the drafter, plaintiff. We disagree.

In executing the release, Fish forfeited any lien, claim, or right to lien for all the labor or material, or both, furnished at the project. Furthermore, Fish warranted that all costs for labor, materials, and subcontract work had been paid for work completed through October 19, 1990. Fish executed the release in order to induce plaintiff to make a final payment of the project.

We find that the waiver is not ambiguous merely because paragraph 2 refers to liens and paragraph 3 states that all costs for labor, material, and subcontractors had been paid. "A release is ambiguous only when it is susceptible of more than one interpretation." *Nelson v. Ptaszek*, 505 A.2d 1141, 1143 (R.I.1986). The release executed by Fish is reasonably susceptible of only one interpretation. When the language of a release is unambiguous, it is entitled to enforcement in accordance with its terms. *Id.* Therefore, the plaintiff was entitled to rely upon the release and upon Fish's representation in regard to full payment of subcontractors. As a result Fish had a right to be indemnified, but Bromberg's claim is erased by the language "all * * * subcontract work has been paid." Bromberg may not proceed with its arbitration.

After hearing the arguments and considering the memoranda of the parties, we are of the opinion that cause has not been shown. The appeal is sustained, the judgment appealed from is reversed, and the papers of the case are remanded to the Superior Court for further proceedings consistent with this opinion.