Lopez, J.
The plaintiff, Bedfordshire Condominium Trust (“Bedfordshire”), brought an action against several parties involved in constructing the condominium complex for negligence in the selection and installation of roof shingles and breach of warranties of merchantability and fitness. The defendant, Bradco Supply Corporation (“Bradco”), which distributed the shingles, filed a cross-claim complaint against co-defendant Alfred McAlpine Homes New England, Inc. (“McAlpine”). McAlpine is the successor-in-interest to Moore Homes, Inc. (“Moore”), the general contractor of the condominium complex. Bradco is seeking contribution from McAlpine as joint tortfeasors under G.L.c. 23 IB. The plaintiff Bedfordshire voluntarily dismissed its claims against the defendant McAlpine based upon a release which exculpated McAlpine from any liability in respect to the shingles. McAlpine now moves to dismiss the cross-claim against it, contending the release discharges it from liability under G.L.c. 231B. For the reasons discussed below, the motion for summary judgment is allowed.[2]
BACKGROUND
The material undisputed facts follow:
The Bedfordshire condominium complex was built between 1986 and 1988. The general contractor of the project was Moore, and Bradco was the distributor of the shingles used in the project. Since 1989, there have been at least ninety-four documented occurrences of shingles blowing off the roofs of over 40 of the condominium complex’s buildings. In 1988, Moore merged with and into McAlpine. On May 31, 1990, Bedfordshire executed a release which exculpated McAlpine from liability on this matter in exchange for $13,000.
The release includes an exception providing for McAlpine’s continued liability ”[w]ith respect to all units which are unsold as of this date and with respect to all units which have been sold since November 1, 1989 . . .” McAlpine “will continue to be responsible for latent structural defects (such as underground sewer and drains which cannot be tested because the units have not been occupied or have not been occupied for a sufficient length of time to have discovered any such defects).”
DISCUSSION
Summary judgment shall be granted where there are no genuine issues as to any material fact and where the moving party is entitled to judgment as a matter of law. Cassesso v. Commissioner of Correction, 390 Mass. 419, 422 (1983); Community National Bank v. Dawes, 369 Mass. 550, 553 (1976); Mass.R.Civ.P. 56(c). The moving party bears the burden of affirmatively demonstrating the absence of a triable issue, “and [further] that the moving party is entitled to judgment as a matter of law.” Pederson v. Time, Inc., 404 Mass. 14, 16-17 (1989). A party moving for summary judgment who does not have the burden of proof at trial, may demonstrate the absence of a triable issue either by submitting affirmative evidence that negates an essential element of the opponent’s case or “by demonstrating that proof of that element is unlikely to be forthcoming at trial.” Flesner v. Technical Communications Corp., 410 Mass. 805 (1991), accord, Kourouvacilis v. General Motors Corp., 410 Mass. 706, 716 (1991). “If the moving party establishes the absence of triable issue, the party opposing the motion must respond and allege specific facts which would establish the existence of a genuine issue of material fact in order to defeat [the] motion.” Pederson, supra 404 Mass. at 17. ”[T]he opposing party cannot rest on his or her pleadings and mere assertions of disputed facts to defeat the motion for summary judgment." LaLonde v. Eissner, 405 Mass. 207, 209 (1989).
The cross-claim which Bradco asserts against Mc-Alpine states that if Bradco “should be found liable for the damages allegedly sustained by [Bedfordshire], *491 which liability [Bradco] specifically denies, then . . . Bradco asserts that the defendant McAlpine was negligent in its construction of the plaintiff roofs and thus is a joint tortfeasor.” It further contends that “[a]s a result of the negligence of the defendant in cross-claim, McAlpine, the defendant and cross-claimant, Bradco, is entitled to contribution from the defendant, McAlpine, as a joint tortfeasor under the provisions of [G.L.c. 231B].”
The defendant in cross-claim, McAlpine, has submitted a release which, on its face, exculpates it from liability for the shingles. The release exculpates Mc-Alpine from liability with the only exception related to “latent structural defects . . . such as underground sewer and drains . . .” Shingles are not a “latent structural defect” within the exception to the release.
Section 4 of G.L.c. 23IB provides in relevant part that:
[w]hen a release ... is given in good faith to one of two or more persons liable in tort for the same injury:
(a) It shall not discharge any of the other tortfea-sors from liability for the injury unless its terms so provide: but it shall reduce the claim against the others to the extent of any amount stipulated by the release . . . and
(b) It shall discharge the tortfeasor to whom it is given from all liability for contribution to any other tortfeasor.
Under the provisions of G.L.c. 231B, §4(b), the release, along with the stipulation of dismissal, exculpates McAlpine from any and all liability for contribution to Bradco. Grace v. Buckley, 13 Mass.App.Ct. 1081, 1082 (1982).
McAlpine has proven it is entitled to be dismissed as a matter of law. The burden then shifts to the opposing party, Bradco, to allege specific facts which defeat that entitlement. Bradco must come forward with some admissible evidence showing the existence of a genuine issue of material fact. Pederson, 404 Mass. at 17.
Bradco has not met its burden. It alleges in its brief that the “pleadings, affidavits and documents in this matter clearly show that genuine issues of material fact exist ... as to the validity of the Release Agreement relied upon by McAlpine ...” However, they have submitted nothing in support of any claim that the release is invalid. The only explanation for the basis of this claim is found in the original complaint filed by Bedfordshire against McAlpine alleging the release was invalid because it was executed by Bedfordshire’s Board of Trustees while the Board was “effectively controlled and/or dominated by the developer, so that the Release was not given at arms’ length.” This mere allegation in an unverified complaint, with nothing more, is insufficient to prevent summary judgment. Godbout v. Cousens, 396 Mass. 254, 262 (1985) (allegations in an unverified complaint have no evidentiary weight).
ORDER
It is hereby ORDERED that the defendant in cross-claim McAlpine’s motion for summary judgment is ALLOWED.

 The defendant in cross-claim, McAlpine, filed a motion to dismiss with two attachments. The cross-claimant, Bradco, treated it as a motion for summary judgment. McAlpine argues that this is a motion to dismiss because the attachments were already before the court, one a release that was part of the original complaint and a notice of dismissal which is a part of the record. This is most properly treated as a motion for summary judgment because the motion to dismiss is against the cross-claim, not the complaint The cross-claim does not have the release attached to it, therefore, for the court to consider it, the motion must be considered as one for summary judgment.