Doerfer, J.
The third-party defendant, Foussard-Montague Associates, Inc. (“F-M”), has moved to dismiss the third-party complaint brought against it by American Laundry Machinery, Inc. (“American Laundry”) on the ground that the plaintiff, Laura Bonilla, Administratrix of the Estate of Alfred Castro has released F-M from all liability in this matter. American Laundry opposes F-M’s motion and has requested more time to conduct discovery on the issue of whether the plaintiffs release of F-M was entered into in good faith. For the reasons which follow, the third-party defendant’s motion to dismiss is allowed.
BACKGROUND
Hospital Laundry Association (“HLA”) is an industrial laundry company which services the health care industry. Beginning in October of 1990, HLA retained the services of F-M to assist in the management of HLA’s operations. On November 21, 1990, Castro, an HLA employee, was killed in the course of his employment while removing plastic out of a laundry machine, which was manufactured by American Laundry.
Following the accident, a series of discussions ensued involving counsel for the plaintiff, HLA, and F-M. On or about February 25, 1994, the parties executed a Cooperation Agreement and Release whereby HLA and F-M agreed to cooperate in the investigation of Castro’s death in exchange for the plaintiffs release of all possible claims against HLA and F-M (“the 1994 Agreement”). At oral argument, the plaintiffs counsel represented that he believed liability against F-M to be “paper thin” and that his only reasonable action was against American Laundry on a products liabiliiy theory.
The plaintiff brought this action against American Laundry. On February 10, 1995, the court allowed American Laundry’s motion for leave to file a third-party complaint against F-M for contribution pursuant to G.L.c. 23IB, §4.
DISCUSSION
G.L.c. 23IB, §4 states, in relevant part, that:
When a release or covenant not to sue or not to enforce judgment is given in good faith to one or two or more persons liable in tort for the same injury: *263 ... (b) It shall discharge the tortfeasor to whom it is given from all liability for contribution to any other tortfeasor.
G.L.c. 23 IB, §4. “Our courts have stated that the statute was intended to encourage settlements.” Noyes v. Raymond, 28 Mass.App.Ct. 186, 189 (1990) (citations omitted). “The goal of encouraging settlements may be achieved only to the extent that motions for discharge based upon settlements are routinely allowed, with extended hearings on the question of the good faith exception. If it were otherwise, a party-seeking to avoid trial by settling a claim could rarely achieve that objective . . .” Noyes, supra at 190.
American Laundry contends that the issue of whether the 1994 Agreement was entered into in good faith is a question of fact on which the court should allow American Laundry to perform additional discovery. In Noyes v. Raymond, 28 Mass.App.Ct. 186 (1990), the Appeals Court stated that “the burden of coming forward with some showing of lack of good faith ought to rest, we think, with those opposing the discharge.” Id. at 191. While American Laundry has purported to challenge the 1994 Agreement, it has failed to present any evidence to support the allegation that “the settlement was collusive or otherwise wrongful.” Id. Further, no inference of collusion arises from the fact that the plaintiffs solely received F-M’s cooperation in exchange for their release because “(e]ven where a claimant receives nothing in exchange for releasing a defendant, the statute may preclude a claim by a codefendant for contribution.” Noyes, supra at 190, citing Grace v. Buckley, 13 Mass.App.Ct. 1081, 1082 (1982). “A rule whereby a determination of lack of good faith could be based only on the amount of the settlement would ‘require trial courts to apply an unworkable standard to every settlement. It [would] clog our trial courts with unnecessary hearings, discourage the settlement of legitimate claims, and severely strain the resources of this state.’ ” Noyes, supra at 190, quoting Tech-Bilt Inc. v. Woodward-Clyde & Assocs., 38 Cal.3d 488, 502 (1985) (Bird, C.J., dissenting). Moreover, the court relies on the representations of plaintiffs counsel that he perceived liability against F-M to be thin. Consequently, there is evidence before the court that the settlement was fair and reasonable. See Noyes, supra at 191.
Because American Laundiy has not produced any evidence which supports its allegation that the 1994 Agreement was not entered into in good faith, “there is no proper basis for denying [F-M] the right to ‘buy [its] peace’ and be free of liability for contribution to [American Laundry].” Noyes, supra at 191. Accordingly, American Laundry’s third-party complaint against F-M is properly dismissed.[1] The court cannot conclude, however, that American Laundry’s third-party complaint was frivolous and, thus, F-M’s request for sanctions, costs and attorneys fees pursuant to G.L.c. 231, §6F is denied.
ORDER
For the foregoing reasons, the third-party defendant Foussard-Montague Associates, Inc.’s Motion to Dismiss is ALLOWED as to American Laundry Corporation’s third-parly complaint. The third-party defendant Foussard-Montague Associates, Inc.’s Request for Sanctions, Costs, and Attorneys Fees is DENIED. The third-party defendant Foussard-Monta-gue Associates, Inc.’s Motion for a Protective Order is rendered MOOT by this Order.

The court’s ruling renders F-M’s Motion for a Protective Order moot.