Daniel O'GARA et al.

v.

**Madeline FERRANTE, in Her Capacity as Treasurer of the Town of North Providence.**

No. 95–577–Appeal.

Supreme Court of Rhode Island.

March 17, 1997.

Carol Nicholson Glick, Providence, for Plaintiff.

James S. D'Ambra and Mark P. Dolan, Providence, for Defendant.

## OPINION

PER CURIAM.

This case came before a panel of the Supreme Court on February 18, 1997, pursuant to an order that directed the plaintiffs, Daniel O'Gara and Sarah O'Gara, alias Sarah Beardsley, and the defendant, Madeline Ferrante, in her capacity as treasurer of the town of North Providence (town), to show cause why the issues raised in this appeal should not be summarily decided. The plaintiff has appealed an order of the Superior Court granting summary judgment for the defendant, and the defendant has cross-appealed the Superior Court's denial of its earlier motion for summary judgment.

After hearing the arguments of counsel and reviewing the memoranda filed by the

parties, this Court concludes that cause has not been shown, and the case will be decided at this time.

In August 1990, Melissa Dalpe (Dalpe) was injured while riding her bicycle when an automobile struck her at an intersection. The driver of the automobile claimed that her view had been obstructed by vegetation on plaintiffs' property. Dalpe brought suit against plaintiffs for negligently maintaining vegetation that obscured the line of sight at the intersection. The plaintiffs settled with Dalpe, and in June 1993 they filed the present action against the town for contribution and/or indemnification. The town filed a motion for summary judgment, arguing that it did not owe a duty to plaintiffs or to Dalpe to maintain the vegetation abutting the intersection and that plaintiffs' action was barred because the town did not receive notice pursuant to G.L.1956 § 45–15–9(a). The town's motion was denied on January 23, 1995. The town then filed a second motion for summary judgment in which it argued that plaintiffs' claim was barred by the public-duty doctrine. This motion was granted on August 29, 1995, and plaintiffs timely appealed to this Court. The defendant then cross-appealed the denial of its first motion for summary judgment. We first address plaintiffs' appeal of the summary judgment granted in favor of the town.

■ "The public-duty doctrine shields the state and its political subdivisions from tort liability arising out of discretionary governmental actions that by their nature are not ordinarily performed by private persons." *Haley v. Town of Lincoln,* 611 A.2d 845, 849 (R.I.1992). In determining whether the public-duty doctrine applies, we must consider the nature of the activity that gave rise to the plaintiffs' claim. *Houle v. Galloway School Lines, Inc.,* 643 A.2d 822, 825 (R.I. 1994). "If the activity the state was engaged in was one that a private individual typically performs, the state owes the public a duty of reasonable care and will be liable for a breach of that duty to the same extent a private individual would be." *Longtin v. D'Ambra Construction Co.,* 588 A.2d 1044, 1046 (R.I.1991).

■ This Court is of the opinion that the activity of trimming a shrub is one in which private persons normally engage. Indeed, the town implicitly conceded as much by ordering plaintiffs to cut down the vegetation after the accident. Consequently, we hold that the trial justice erred in ruling that defendant was shielded from tort liability by the public-duty doctrine, and we sustain plaintiffs' appeal.

■ We now turn to defendant's cross-appeal of the trial justice's denial of its first summary-judgment motion. Ordinarily, the denial of a motion for summary judgment is interlocutory in character and not appealable as a matter of right. *Boucher v. McGovern,* 639 A.2d 1369, 1373 (R.I.1994). The appropriate route for obtaining review of an interlocutory order denying a motion for summary judgment is by petition for certiorari in accordance with Rule 13 of the Supreme Court Rules of Appellate Procedure. *Jennings v. Nationwide Insurance Co.,* 669 A.2d 534, 535 (R.I.1996). This Court, however, has regularly considered appeals from the denial of a motion for summary judgment when coupled with an appeal or a cross-appeal of the granting of a motion for summary judgment. *See, e.g., Bassi v. Rhode Island Insurers' Insolvency Fund,* 661 A.2d 77, 78 (R.I.1995); *Rhode Island Student Loan Authority v. NELS, Inc.,* 600 A.2d 717, 718 (R.I.1991); *Rhode Island State Police v. Madison,* 508 A.2d 678, 679 (R.I.1986). In such cases, the appeal is no longer interlocutory because the grant of summary judgment constituted a final and appealable judgment. Consequently, we shall consider the town's cross-appeal of the denial of its first motion for summary judgment on the merits.

■ The town argued that it did not owe a duty to plaintiffs or to Dalpe to maintain the vegetation abutting the intersection and that its duty to maintain highways was limited to the paved surface of the road. The town stipulated, for summary-judgment purposes only, that the vegetation was located on town property within five feet of the road. The trial justice denied the motion, ruling that G.L.1956 §§ 24–5–1, 45–15–8, and 31–1–23 placed a duty upon the town to

maintain highways, including the shoulders of a roadway.

Section 24–5–1 provides that the town has a duty to keep "[a]ll highways * * * safe and convenient for travelers." Section 45–15–8 provides for recovery against a town for injury resulting from the town's failure to maintain a highway as required by law. Section 31–1–23(a) defines a highway as "[t]he *entire width* between boundary lines of every way when any part thereof is open to the use of the public for purposes of vehicular traffic." (Emphasis added.) Subsection (c) of § 31–1–23 proceeds to define a roadway as "[t]hat portion of a highway improved, designed, or ordinarily used for vehicular travel, exclusive of the sidewalk, berm, or shoulder even though such sidewalk, berm, or shoulder is used by persons riding bicycles." These two subsections, in our opinion, contemplate that the highway is wider than the roadway and includes the "entire width" between boundary lines of the public way, including the "sidewalk, berm, or shoulder." *See Alfano v. Landers*, 585 A.2d 651, 652 (R.I.1991) ("[t]ogether, a sidewalk and a roadway make up a highway or a street"). It therefore follows that if the vegetation at issue was located on the town's property and within the boundary lines of the highway, the town was under a duty to keep this portion of the highway "safe and convenient for travelers," as required by § 24–5–1. Whether in fact the vegetation was located within the boundary lines of the highway and whether the town in fact breached its duty to maintain reasonably safe highways by failing to trim the shrubbery remain questions of fact for the factfinder. Summary judgment was therefore properly denied.

■ Finally, the town argued that it was entitled to notice of the plaintiffs' claim under § 45–15–9(a), which provides that a person injured on a highway must give notice to the town within sixty days of the injury before an action may be commenced against the town. We agree with the trial justice and hold that this statute applied only to Dalpe, the injured party, and not to the plaintiffs. We note that the plaintiffs did comply with the notification requirements of § 45–15–5.

For the foregoing reasons, we sustain the plaintiffs' appeal, and vacate the summary judgment entered. The defendant's cross-appeal is denied and dismissed, and the case is remanded to the Superior Court for further proceedings.

BOURCIER, J., did not participate.