**Kathaleen YANKEE et al.**

v.

**Diane LeBLANC et al.**

v.

**Town of Cumberland.**

**No. 2002–127–Appeal.**

Supreme Court of Rhode Island.

April 4, 2003.

Peter Mathieu, for Plaintiff.

David Edward Maglio, III, Providence, Melody A. Alger, for Defendant.

Present: WILLIAMS, C.J., FLANDERS, GOLDBERG, JJ., and WEISBERGER, C.J. (ret.).

## OPINION

PER CURIAM.

The defendants, and third-party complainants, Diane LeBlanc and Nicholas Le-Blanc (collectively, the LeBlancs) appeal the entry of summary judgment in favor of the Town of Cumberland (the town) in their action for indemnity and contribution against the town. The LeBlancs argued that the motion justice erroneously concluded that no issue of material fact existed about whether the town's conduct was egregious and whether the town had breached its statutory duty to maintain the roadways. This case came before the Supreme Court for oral argument on March 5, 2003, pursuant to an order directing the parties to show cause why the issues raised in this appeal should not be summarily decided. After considering the record, the parties' memoranda, and the oral arguments of counsel, we conclude that the case should be decided at this time. We sustain in part and deny in part the Le-Blancs' appeal.

### Facts and Travel

The LeBlancs' indemnification claim against the town stems from an auto accident in which their vehicle struck plaintiffs' vehicle head-on.[1] On July 4, 1998, Nicholas LeBlanc (Nicholas) was driving a vehicle owned by his mother, Diane Le-Blanc, along Old Angell Road in Cumberland, Rhode Island, when, as he crested a hill, he encountered plaintiffs' vehicle approaching from the opposite direction. The cars were unable to stop, and struck each other head-on. According to Nicholas's account of the accident, the vehicle driven by Kathaleen Yankee (Yankee) was over the center line of the road, despite the fact that the roadway provided enough room on her side of the road to allow an oncoming car to pass by safely. Yankee testified in her deposition, however, that the road was severely overgrown with brush and vegetation that made it dangerously narrow.

After plaintiffs began a negligence action, the LeBlancs filed a third-party complaint against the town seeking contribution and indemnity. They argued that the

---

1. The plaintiffs in this action were Kathaleen Yankee, the driver of one of the vehicles, and her three passengers: Kirby Yankee, Danya Yankee, and Steven Yankee. The plaintiffs settled their claim against the LeBlancs in June 2000 and, therefore, plaintiffs no longer are parties in this case.

town was negligent in failing to trim the overgrown vegetation, in maintaining a road of such narrow width, and in allowing the hill crest that blocks visibility. The town moved for summary judgment, asserting that the public duty doctrine shielded the town from liability for its design and maintenance of the roadway and arguing that Nicholas's account of the accident was inconsistent with the assertion that vegetation overgrowth was a proximate cause of the accident. The motion justice found that the town owed no special duty to the LeBlancs and that the town's conduct was not egregious. The motion justice thus concluded that the public duty doctrine shielded the town from liability, and granted summary judgment in favor of the town.

## Standard of Review

This Court reviews *de novo* a Superior Court justice's grant of summary judgment, applying the same standards as those employed by that justice. *Heflin v. Koszela*, 774 A.2d 25, 29 (R.I.2001); *Bennett v. Napolitano*, 746 A.2d 138, 140 (R.I. 2000). We affirm the judgment only when, after reviewing the admissible evidence in the light most favorable to the nonmoving party, we conclude that no genuine issue of material fact remains to be decided, and that the moving party is entitled to judgment as a matter of law. *Bennett*, 746 A.2d at 140.

## Defective Design Claim

Under the public duty doctrine, municipalities have "immunity from tort liability arising out of their discretionary governmental actions that by their nature are not ordinarily performed by private persons." *Quality Court Condominium Association v. Quality Hill Development Corp.*, 641 A.2d 746, 750 (R.I.1994). The LeBlancs have conceded that the public duty doctrine applies to the maintenance and design of roadways, but argue that the

town nevertheless should be liable for its negligence because its conduct was egregious. Thus, the preliminary question before us is whether the town's actions constitute egregious conduct.

This Court has recognized an exception to the public duty doctrine for the egregious conduct of a municipality that "has knowledge that it has created a circumstance that forces an individual into a position of peril and subsequently chooses not to remedy the situation." *Martinelli v. Hopkins*, 787 A.2d 1158, 1168 (R.I.2001) (quoting *Kashmanian v. Rongione*, 712 A.2d 865, 867 (R.I.1998) and *Houle v. Galloway School Lines, Inc.*, 643 A.2d 822, 826 (R.I.1994)). The LeBlancs argued that the first element of this exception was satisfied because the town had constructive notice through its police department that Old Angell Road was perilous. The LeBlancs offered evidence that the police department patrolled the road for speeding motorists, surmising that the police could not have failed to observe the road's dangerous condition.

The evidence in the case indicated that the road was wide enough for two vehicles to pass. There was no indication that the roadway was inadequate as a two-lane highway. The police surveillance to prevent speeding could not be said to be an inadequate response to ensure safety on a highway of normal width. Simply put, the town did not ignore a perilous situation but rather properly exercised its discretion to remedy the situation. *See Catri v. Hopkins*, 609 A.2d 966, 968 (R.I.1992) (holding that municipalities have discretion in the remedies they apply to the maintenance of roadways and intersections).

The LeBlancs further cited the town's subsequent decision to make Old Angell Road a one-way road as indicating the town's failure to remove a perilous situation of which it was aware. This fact

alone, however, is not evidence that the town's regulation of the roadway was egregious. *See id.* at 969 ("Although the state's sluggish reaction to public outcry to install a signal at the particular intersection in question is regrettable, this [C]ourt cannot invent liability from the slowest of actions."). We have never held a municipality liable for its failure to implement a foolproof remedy and will not do so today. The town's decision to intensify surveillance for speeding rather than select an alternative listed by defendants was a valid exercise of its discretionary function. Thus, the motion justice properly concluded that the egregious conduct exception did not apply and that the public duty doctrine immunized the town from liability on the defective design claim.

### Town's Duty to Trim Vegetation

The LeBlancs argued in the alternative that the town breached its statutory duty to trim the vegetation growing alongside of Old Angell Road. They correctly pointed out that the act of trimming shrubs or vegetation is one in which private persons ordinarily engage and is thus not shielded by the public duty doctrine. *O'Gara v. Ferrante*, 690 A.2d 1354, 1356 (R.I.1997) (per curiam). Moreover, as we explained in *O'Gara*, G.L.1956 § 24–5–1, G.L.1956 § 31–1–23, and G.L.1956 § 45–15–8 give rise to a statutory duty to keep the roadways clear that may be breached by a failure to trim shrubbery bordering a roadway.[2] *O'Gara*, 690 A.2d at 1356–57. Thus, the motion justice erred in conclud-

ing that trimming vegetation was a "discretionary function * * * that * * * does not create a private duty to [a] particular person or persons involved in an accident because the city or town failed to trim vegetation or tree branches[.]"

To move successfully for summary judgment, the town must establish that no genuine issue of material fact exists about whether it breached this duty. *Heflin*, 774 A.2d at 29. The town has failed to meet this burden. It based its summary judgment motion on the argument that Nicholas had admitted to driving over the speed limit and had stated that the accident was caused by Yankee's car crossing the center of the roadway. The town maintained that this argument was inconsistent with any claim that overgrowth caused the accident. Nicholas's statements alone, however, are not dispositive of the causation factors involved in this accident. The LeBlancs offered additional evidence through Yankee's statements that the vegetation overgrowth along the roadway was a proximate cause of the accident. In fact, the motion justice agreed, and remarked that the vegetation overgrowth "may have been a proximate cause of the accident."

Furthermore, unrebutted evidence submitted by the LeBlancs indicated the existence of a question of material fact about whether the town was on notice of the dangerous condition and whether the town satisfied its duty to trim the vegetation. The LeBlancs argued that the town was on

---

**2.** General Laws 1956 § 45–15–8 provides in relevant part:

"If any person receives or suffers bodily injury or damage to that person's property by reason of defect [or] want of repair, * * * in or upon a public highway, * * * in any town which is by law obliged to repair and keep the same in a condition safe and convenient for travelers with their vehicles, which injury or damage might have been prevented *by reasonable care and diligence* on the part of the town, the person may recover, in the manner provided in this chapter, from the town, the amount of damages, sustained by the aggrieved person, *if the town had reasonable notice of the defect,* or *might have had notice* of the defect by the exercise of proper care and diligence on its part."  (Emphases added.)

constructive notice of the dangerous condition posed by the vegetation overgrowth because it had assigned police officers to patrol the roadway. Moreover, the LeBlancs submitted evidence in the form of a deposition taken from a resident of Old Angell Road that the town had never "do[ne] any work on either side of the [Old Angell] road on the brush or the trees" before the accident.

■ In passing on a motion for summary judgment it is the function of the motion justice to identify issues of material fact, not to resolve them. *Aetna Casualty & Surety Co. v. Farr,* 594 A.2d 379, 381–82 (R.I.1991). Consequently, the motion justice erred in purporting to determine which of these factors was a proximate cause of the accident because proximate cause is a question of fact and only under the most extreme circumstances will be taken as a question of law. *Splendorio v. Bilray Demolition Co.,* 682 A.2d 461, 467 (R.I.1996).

### Conclusion

In sum, we sustain the LeBlancs' appeal in part and deny it in part. The Superior Court's entry of summary judgment on their design claim is affirmed. The grant of summary judgment on the LeBlancs' claim that the town breached its statutory duty to trim vegetation is reversed. The papers in this case are returned to the Superior Court for further proceedings in accordance with this opinion.