Twyla **CARTWRIGHT**

v.

**Sandra POWELL, in her capacity as Director of Rhode Island Department of Human Services.**

No. 20–14–167–APPEAL.

Supreme Court of Rhode Island.

April 1, 2015.

Gretchen M. Bath.

Brenda D. Baum, Department of Attorney General.

### ORDER

This matter is before the Supreme Court from the plaintiff's appeal of a Superior Court order entered on March 7, 2014. The matter had originally been set for oral argument on April 8, 2015. In the interim, the matter was addressed at a session in conference pursuant to Article I, Rule 12A(3)(b) of the Supreme Court Rules of Appellate Procedure. For the reasons set forth below, we remand the matter to the Superior Court.

The March 7, 2014 order which plaintiff has sought to appeal referenced a Superior Court bench decision issued on February 6, 2014. Pending before the court at the time were cross-motions for summary judgment on plaintiff's complaint seeking a declaration on the validity and applicability of the Department of Human Service (DHS)'s regulation § 1412.40, which pertains to the Rhode Island Works Program § 40–5.2.

The hearing justice having determined that plaintiff's due process rights were violated because of a misapplication of a different DHS regulation (§ 1412.25.05), ordered the matter to be "remanded" to DHS "to provide Plaintiff an adequate opportunity to reapply for hardship extension and/or to establish good cause for her failure to comply with * * * [certain] work plans." Additionally, the order indicated that the Superior Court was declining to "issue a declaratory judgment invalidating the regulation."

However, it is not certain that the appeal is properly before us, and the circumstances are not amenable for the remand of the case for entry of judgment *nunc pro tunc.* Cf. *Driscoll v. Karroo Land Co.,* 600 A.2d 722, 723 n. 1 (R.I.1991). It is unclear whether the Superior Court granted DHS's cross-motion for summary judgment on the issue of the validity of § 1412.40 or whether it simply denied the plaintiff's motion for summary judgment seeking to declare the regulation invalid. *Compare O'Gara v. Ferrante,* 690 A.2d 1354, 1356 (R.I.1997) (noting that this Court "has regularly considered appeals from the denial of a motion for summary judgment when coupled with an appeal or a cross-appeal of the granting of a motion for summary judgment"), *with Tucker v. Travelers Insurance Co.,* 603 A.2d 337, 337 (R.I.1992) (stating that "[t]he denial of a motion for summary judgment is an interlocutory order and not normally appealable").

Accordingly, we remand the papers in this case to the Superior Court for the purposes of elucidating the intended dispo-

sition of this dispute and the entry of an appropriate judgment. In that regard, we direct the Superior Court to address whether it declined to invalidate § 1412.40 because of justiciability concerns particular to the plaintiff's case (*e.g.*, seeking an advisory opinion, mootness, or any other justiciability issue) or because the Superior Court affirmatively determined the challenged regulation to be valid. To address the issues discussed in this order, the Superior Court may receive any additional evidence it deems necessary.