## Anna M. Colangelo *vs.* Nicholas Colangelo.

JULY 2, 1924.

PRESENT: Sweetland, C. J., Vincent, Stearns, Rathbun, and Sweeney, JJ.

RATHBUN, J. This is an action of assumpsit brought by a wife against her husband to recover for money which she had delivered to him. The trial in the Superior Court resulted in a verdict for the plaintiff in the sum of $1,555.84. The case is before us on the defendant's exceptions taken in the course of trial, including exceptions to instructions to the jury, and also on the defendant's exception to the refusal of the trial justice to grant the defendant's motion for a new trial.

The parties were married June 30, 1921. On September 28, 1921, the plaintiff drew from a bank $1,326.16, which was all the money she had, and delivered it to her husband, the defendant. A short time prior thereto she had delivered to him $164.00. When the plaintiff drew from the bank her money and delivered it to the defendant he retained for his own personal expenses $126.16 and deposited $1,200.00, the

balance, in another bank where it remained until March 17, 1922, on which date it was attached by service on the bank of the original writ in this case. On or about January 3, 1922 the domestic relations of the parties became strained and the wife demanded a return of the money. The plaintiff testified that she loaned said money to the defendant at his request; and that he promised to pay her for its use double the rate of interest which banks pay on participation accounts and to return the principal upon demand. The defendant testified that the plaintiff gave him the money because he had been kind to her during her illness and also to reimburse him for any loss occasioned by the neglect of his business while caring for her. He also testified that when she demanded a return of the money he offered to give it back to her provided she would release her inchoate right of dower in his real estate.

The defendant excepted to that part of the charge wherein the trial justice stated that under the circumstances of this case there is a presumption that the transaction was a loan and not a gift and that the burden is on the defendant to show that it was a gift and not a loan. The instruction that the burden was on the defendant to show that the transaction was a gift was correct. The money which he received was not a part of the wife's income delivered to him and used for the support of the family. The money constituted the *corpus* of her whole estate. All of the money except $290.00 was deposited in his name in a bank and was never used by him. No rights of creditors are involved. The general rule that "he who alleges a gift has the burden of proving the same" was quoted with approval and followed in *Eastman* v. *Dunn*, 34 R. I. at 452. See also 28 C. J. 670 and the very large number of cases cited in support of the rule. 30 C. J. at 710 states as follows the general rule applicable to suits against the husband by the wife to recover for money delivered to him: "Ordinarily the burden of showing a gift from the wife to the husband rests on the person or persons claiming it, such as the husband or his heirs or representatives."

It was agreed that the defendant received the money from his wife and that he received it either as a gift or as a loan. The husband parted with nothing as a consideration for the money and there appears to be no reason why he should not assume the burden of proving that he is entitled to retain the money which he admits he received.

As the burden was upon the defendant to prove a gift it follows that a verdict should have been directed against him had he offered no evidence upon this point. It therefore appears that a presumption did exist that the transaction constituted a loan rather than a gift, and that the instruction to that effect was not erroneous. The defendant contends that the instruction tended to mislead the jury by causing them to believe that they, in determining the weight of the evidence, were entitled to weigh the presumption together with the plaintiff's evidence. A presumption is not evidence and it has no weight as evidence. It only makes a *prima facie* case for the party in whose favor it exists. A presumption merely points out the party who has the duty of going forward. The party against whom the presumption operates has the burden of producing satisfactory evidence to rebut the presumption. When this has been done the presumption becomes inoperative, and is laid aside, and the case proceeds as it would if no presumption had been invoked. 22 C. J. 156. We have no reason for assuming that the jury inferred from the charge that a presumption could with other evidence, be weighed in the scales in determining the weight of the evidence. If the defendant thought that the jury were likely to so infer he should have presented a request for further instruction.

The jury passed upon the conflicting evidence and found that the money was delivered to the defendant as a loan. The trial justice in approving the verdict said: "I am satisfied that the verdict of the jury does substantial justice and is supported by the evidence."

We have carefully examined the evidence and find no reason for disturbing the verdict which has the approval of

the trial justice. The remaining exceptions are without merit and require no consideration.

All of the defendants exceptions are overruled and the case is remitted to the Superior Court for the entry of judgment on the verdict.

*Anthony V. Pettine,* for plaintiff.
*William M. P. Bowen,* for defendant.