John IANERO, Jr., et al.

v.

TOWN OF JOHNSTON et al.

No. 81–355–Appeal.

Supreme Court of Rhode Island.

June 29, 1984.

Paul Corrigan, III, Providence, for plaintiffs.

William H. Corrente, Town Sol., Johnston, for defendants.

## OPINION

BEVILACQUA, Chief Justice.

This is a civil action brought by a group of taxpayers, hereinafter referred to as the plaintiffs, seeking a judgment ordering the town of Johnston to rescind a certificate of redemption issued to Guiseppina Paolino by Horace Corrente, Town Treasurer of the Town of Johnston, and all named defendants in this action. The defendants filed a motion to dismiss pursuant to Rule 12(b)(6) of the Superior Court Rules of Civil Procedure on the ground that the plaintiffs lacked standing to bring the action. After a hearing, the trial justice granted the defendants' motion. The plaintiffs appeal from this judgment.

The facts briefly summarized are as follows. In 1938, the tax collector of the town of Johnston acquired certain lots belonging to defendant Paolino at a tax sale. In December of 1978, approximately forty years later, Paolino was permitted by the treasurer of the town to redeem the lots. The property was subsequently conveyed to C. Pezza & Sons, Inc. At the time of the redemption, the property was being used as a playground and Little-League baseball field.

The plaintiffs brought suit, alleging that issuance of the certificate of redemption was ultra vires and that, as taxpayers, they were damaged by the loss of revenue to the town both because the lots were worth more than the amount for which they were redeemed and because they were denied an opportunity to bid on the lots at public auction. The plaintiffs additionally argued

that they were deprived of the use of a recreational facility without due process. The plaintiffs requested that the certificate of redemption be rescinded and that defendants be enjoined from further alteration of the property.

As a threshold determination, we consider only whether plaintiffs, as taxpayers, had standing to challenge the conveyance of the property to its former owner. The plaintiffs claim that having alleged specific injuries, they have standing since these injuries need not be different from those specific injuries suffered by other taxpayers. The defendants in contrast argue that plaintiff-taxpayers have no distinct personal legal interest different from that of the public at large and therefore could not maintain the present action.

■ As a general rule, a party who invokes the power of judicial review must be able to show not only that the action is illegal " 'but that he has sustained or is immediately in danger of sustaining some direct injury as the result of its enforcement, and not merely that he suffers in some indefinite way in common with people generally.' " *Valley Forge Christian College v. Americans United for Separation of Church and State, Inc.*, 454 U.S. 464, 477, 102 S.Ct. 752, 761, 70 L.Ed.2d 700, 713 (1982). The exercise of judicial power is restricted to litigants who can show "injury in fact" resulting from the action that the parties seek to have the court adjudicate. *Id.* at 473, 102 S.Ct. at 759, 70 L.Ed.2d at 710. In the specific context of taxpayer standing, it is well settled in this jurisdiction that where a taxpayer brings an action to restrain government action, he or she must demonstrate an injury that is distinct from that of the public in general. *Berberian v. Solomon*, R.I., 405 A.2d 1178, 1180 (1979).

■ In the instant case, the plaintiffs failed to identify any personal injury. The complaint does not allege any actual or concrete wrong beyond a general grievance common to all taxpayers. The alleged injuries consisted of the loss of the property for "recreational purposes" and a failure to have a public auction, which may have brought in more money. These allegations are without merit. Rather than depriving the town of tax revenues, the action of returning the property to defendant Paolino and thus to the town tax rolls results in a financial benefit for the taxpayers. We cannot see that the plaintiffs have shown a specific personal injury, economic or otherwise. The wrongs alleged are those that they share with the public in general. Thus, the granting of the motion to dismiss for lack of standing was proper.

The plaintiffs' appeal is denied and dismissed, the judgment appealed from is affirmed, and the case is remanded to the Superior Court.

SHEA, J., did not participate.