**James M. MAGEAU**

v.

**Robert J. SCHIEDLER et al.**

**No. 93–596–Appeal.**

Supreme Court of Rhode Island.

Nov. 10, 1994.

Robert Savage, Warwick.

Philip Sloan, Jr., Charlestown.

ORDER

This case came before the Supreme Court for oral argument on October 31, 1994, pursuant to an order that directed both parties to show cause why the issues raised in this appeal should not be summarily decided. The plaintiff, James M. Mageau, has appealed from a Superior Court order that granted the motion to dismiss of the defendants, Robert J. Schiedler, Charles W. Beck, Charlene Q. Dunn, J. Michael Downey, Forrester C. Safford, in their official capacities as members of the Charlestown Town Council and Zallee Rosso, in her official capacity as Treasurer of the Town.

After reviewing the memoranda submitted by the parties and after hearing the arguments of counsel, we are of the opinion that cause has not been shown, and the issues will be summarily decided at this time.

The plaintiff, in an amended complaint, asserted that defendant Town Council violated the Charter of Charlestown in respect to its provisions regarding open meetings and the notice requirements thereof, and the procedures delineated in the Charter for approving unbudgeted expenditures. This court concludes that defendants' motion to dismiss pursuant to Super.R.Civ.P. 12(b)(6) was appropriately granted by the trial justice, who determined that plaintiff did not have standing to bring suit to challenge such expenditures.

In *Ianero v. Town of Johnston*, 477 A.2d 619 (R.I.1984), this court held that, in the specific context of a taxpayer's standing, "it is well settled in this jurisdiction that where a taxpayer brings an action to restrain gov-

ernment action, he or she must demonstrate an injury that is distinct from that of the public in general." *Id.* at 621.

Consequently, we hold that the trial justice properly determined that the plaintiff lacked standing to bring the instant suit because the plaintiff alleged no specific personal injury as a result of the defendants' actions. In addition, moneys advanced by the Town were subsequently returned, thus rendering moot the issue of improper appropriation of funds. Therefore, we deny and dismiss the appeal and return the papers in the case to the Superior Court.