**Kristian HUTTER (p.p.a. Jerilyn Hutter)**

v.

**HARTFORD ACCIDENT & INDEMNITY COMPANY.**

**No. 96–650–Appeal.**

Supreme Court of Rhode Island.

April 21, 1998.

Terrence J. Higgins, Kingstown, for Plaintiff.

Michael T. Sullivan, Warwick, for Defendant.

Before LEDERBERG, BOURCIER and FLANDERS, JJ.

**OPINION**

PER CURIAM.

This case came before a panel of the Supreme Court on March 17, 1998, pursuant to an order directing the parties to show cause why the issues raised by this appeal should not be summarily decided. The plaintiff, Kristian Hutter, has appealed from a summary judgment entered in the Superior Court in favor of the defendant, Hartford Accident & Indemnity Company (Hartford or defendant). The plaintiff, alleging that Hartford failed to make payment on a settlement claim within thirty days of the date that her attorney sent a release, sought punitive damages and interest pursuant to G.L.1956 § 9–1–50. After hearing the arguments of counsel for the parties and reviewing their memoranda, this Court concludes that cause has

not been shown, and the case will be decided at this time.

The plaintiff and her mother entered into a settlement agreement with Hartford on November 16, 1992, for claims arising out of injuries they sustained in an automobile accident in December 1987. The defendant received the releases of plaintiff and her mother shortly thereafter and claimed that it issued checks to each of them on December 9, 1992. On December 10, 1992, plaintiff's attorney received a check for $9,000 in settlement of plaintiff's mother's claim but did not receive a check for the $1,000 owed for plaintiff's claim. The plaintiff's attorney contacted the Hartford agent responsible for the disbursal of checks, informed him of the nonreceipt, and advised Hartford that he would wait until December 14, at which point the attorney requested that a stop-payment order be placed on the original check and a new check be issued. The plaintiff's attorney then notified Hartford's counsel of the nonreceipt on December 18, 1992, and filed a motion to vacate the settlement and a motion for sanctions on December 31, 1992. The plaintiff finally received her check for $1,000 on January 13, 1993.

In February 1993, plaintiff filed an action in District Court, seeking punitive damages and interest under § 9–1–50 because she had not received her check within thirty days of the date her attorney mailed her release. Hartford prevailed on the merits in District Court, but plaintiff appealed the judgment to Superior Court in August 1995. The defendant filed a motion for summary judgment, which was heard in September 1996. The hearing justice concluded that he could not find "sufficient conduct in this case to instruct [a] jury on the award of punitive damages," and he granted defendant's motion. This appeal followed.

When reviewing a grant of summary judgment, this Court applies the same rules and analysis as those applied by the trial justice. *Accent Store Design, Inc. v. Marathon House, Inc.*, 674 A.2d 1223, 1225 (R.I.1996). We review the admissible evidence in the light most favorable to the nonmoving party. If that review reveals no genuine issues of material fact and if we conclude that the moving party was entitled to judgment as a matter of law, we shall sustain the trial justice's granting of summary judgment. *Id.*

The plaintiff argued that the trial justice erred in granting summary judgment because genuine issues of material fact should have been decided by a trier of fact. In making this argument, plaintiff relied on the provision of § 9–1–50 that failure by an insurance company to make payment on a settlement within thirty days "shall raise a presumption * * * [of] a wilful and wanton disregard for the rights of the claimant." This presumption is the linchpin of plaintiff's case because plaintiff offered no independent evidence of defendant's bad faith or misconduct, despite this Court's holding in *Palmisano v. Toth*, 624 A.2d 314, 320 (R.I. 1993), that a plaintiff must produce evidence "that the defendant acted so willfully, maliciously, or recklessly as to amount to conduct bordering on criminality" in order to proceed on a punitive damages claim.

In this case, the conduct of the defendant was shown not to constitute willful and wanton disregard for the rights of the plaintiff. Hartford offered evidence in the form of its computer records and an affidavit from its claims supervisor that a check was issued to plaintiff on December 9, 1992, thereby overcoming the statutory presumption. Once that evidence was offered, the slate was effectively wiped clean. *See, e.g., Colangelo v. Colangelo*, 46 R.I. 138, 140, 125 A. 285, 286 (1924) ("The party against whom [a] presumption operates has the burden of producing satisfactory evidence to rebut the presumption. When this has been done the presumption becomes inoperative, and is laid aside, and the case proceeds as it would if no presumption had been invoked."). All presumptions do not disappear when countervailing evidence is presented. For example, the presumption of delivery that accompanies the placement of mail into a mailbox would not disappear. *Compare* R.I.R. Evid. 304(a) *with* R.I.R. Evid. 306(a) (effects of introduction of countervailing evidence on different types of presumptions). In this case, however, the presumption does disappear.

The hearing justice reviewed the evidence in the light most favorable to the plaintiff

and determined that no genuine issues of material fact remained once the presumption had been rebutted. Having made the proper review, the justice concluded that the defendant was entitled to judgment as a matter of law. We discern no error in that conclusion. Accordingly we deny and dismiss this appeal and affirm the judgment of the Superior Court, to which the papers in this case may be returned.

WEISBERGER, C.J., and GOLDBERG, J., did not participate.