Zbigniew MACISZEWSKI

v.

Thomas J. FLATLEY d/b/a
The Flatley Company.

No. 2001–59–Appeal.

Supreme Court of Rhode Island.

Jan. 22, 2003.

John F. McBurney, for Plaintiff.

Michael Ahn, John D. Lynch, Warwick, for Defendant.

Present: WILLIAMS, C.J., LEDERBERG, and FLANDERS, JJ.

## OPINION

PER CURIAM.

In the instant appeal, the plaintiff, Zbigniew Maciszewski (plaintiff) asks this Court to vacate a Superior Court summary judgment that terminated his action to collect punitive damages and interest under G.L.1956 § 9–1–50 from defendant, Thomas J. Flatley d/b/a The Flatley Company (defendant), for defendant's alleged failure to pay a settlement. Because we agree that there was no genuine issue of material fact in dispute warranting the consideration of a jury, we affirm the decision of the trial justice.

This matter came before the Court for oral argument on December 4, 2002, pursuant to an order that directed the parties to appear and show cause why the issues raised by this appeal should not summarily be decided. After hearing the arguments of counsel and examining the memoranda filed by the parties, we are of the opinion that cause has not been shown and that the issues raised by this appeal should be decided at this time. The facts pertinent to this appeal are as follows.

I

### Facts and Travel

The plaintiff filed a civil action against defendant in Superior Court to recover damages for personal injuries suffered in an automobile accident. A trial commenced and the case was submitted to a jury for its consideration. During deliberations, the parties reached an agreement to settle the case for $450,000. Accordingly, the parties stipulated to a dismissal of the case in open court on February 1, 1999. The defendant forwarded a check via Federal Express to his attorney on February 10, 1999, with the understanding that plaintiff would not be given the check until defendant received a signed release and settlement agreement (release).

On February 19, 1999, counsel for defendant hand-delivered a release to plaintiff's attorney to be signed by plaintiff. The release discharged defendant from any future liability arising out of the automobile accident and contained a nondisclosure provision, requiring plaintiff to keep the terms of the settlement confidential. There was a signature line on the last page for plaintiff's signature and a section to be executed by a witness and notary public of the State of Rhode Island.

The plaintiff's attorney forwarded the release to his client in Poland, who had traveled there after the trial. When defendant's counsel received the release the envelope was postmarked in Poland with the date "039914" and the release appeared to have plaintiff's signature.[1] However, the release was neither witnessed nor notarized. Although plaintiff's

---

1. The defendant estimates that the release was received "on or about March 12." However, the postmark date reads "039914." We consider the postmark the most reliable evidence of the date plaintiff sent the release, and that the release was received by defendant sometime after March 14.

attorney had no reason to question the authenticity of the signature, he would not vouch for it because he did not personally see plaintiff ascribe his name to the release. Because the release lacked proper execution, defendant's counsel notified plaintiff's attorney that the release was unsatisfactory and must be properly executed before he would forward his client's payment. The letter advised plaintiff's attorney that the release would be considered properly executed if plaintiff had his signature authenticated by the American Consulate in Poland.

On March 23, 1999, plaintiff filed the instant action against defendant under § 9–1–50 and also asked for postjudgment interest under G.L.1956 § 9–21–8. On March 25, plaintiff received the check from defendant. The plaintiff cashed the check and considered payment to have been made "in full." [2]

The defendant filed a motion for summary judgment, arguing that (1) the duty to pay in § 9–1–50 was not yet triggered since the release was not properly executed and (2) even if the duty to pay had been triggered, thirty days had not yet elapsed from the date the release was sent. The trial justice granted the motion. The plaintiff timely appealed.

## II

### Summary Judgment

▉ "This Court reviews a grant of summary judgment on a *de novo* basis. * * * 'Accordingly, if our review of the admissible evidence viewed in the light most favorable to the nonmoving party reveals no genuine issues of material fact, and if we conclude that the moving party was entitled to judgment as a matter of law, we shall sustain the trial justice's granting of summary judgment. *Accent Store Design, Inc. v. Marathon House, Inc.*, 674 A.2d 1223, 1225 (R.I.1996). The nonmoving party, however, must present evidence that a disputed material fact exists and cannot prevail by simply relying on allegations or denials in the pleadings. *Heflin v. Koszela*, 774 A.2d 25, 29 (R.I. 2001).'" *Johnson v. Newport County Chapter for Retarded Citizens, Inc.*, 799 A.2d 289, 291 (R.I.2002).

Section 9–1–50(a) provides in pertinent part that:

"Whenever any claim is settled, the [party] * * * responsible for paying the settlement shall make payment within thirty (30) days from the date the claimant or his or her attorney sends the release. Failure to make payment within thirty (30) days shall raise a presumption that failure to do so was a willful and wanton disregard for the rights of the claimant. In addition to all other remedies, the payor shall be liable to the claimant in a separate cause of action for punitive damages and interest which shall be computed at the rate of twelve percent (12%) per annum from the date the cause of action giving rise to the settlement occurred until the judgment on the claim brought pursuant to this section is entered."

The plaintiff argues that the duty to pay was triggered on the date the case settled, and that because defendant did not pay until over fifty days later he was entitled to recover damages. The defendant argues that the improperly executed release prevents plaintiff from recovering under the statute. The plaintiff contends that § 9–1–50 is a strict liability statute so that

---

**2.** To us, the fact that the settlement was paid in full at this early date arguably renders this appeal frivolous.

defendant's intention behind withholding payment is irrelevant. Furthermore, plaintiff argues that the settlement stipulation in open court should have the same legal effect as a release.

■ In this case, taking the facts in the light most favorable to plaintiff, the trial justice properly granted summary judgment in defendant's favor. However, after reviewing the plain language of the statute and the record, we conclude that the trial justice's reasoning may have been erroneous.[3] Nevertheless, "[t]his [C]ourt may affirm the Superior Court's judgment on any ground without passing on the rationale actually relied upon by the Superior Court to justify its ruling." *O'Connell v. Bruce*, 710 A.2d 674, 675 n. 2 (R.I.1998) (citing *State v. Nordstrom*, 529 A.2d 107, 111–12 (R.I.1987)).

■ The plain language of the statute reveals that defendant's duty to pay is not triggered until "thirty (30) days from the date the claimant or his or her attorney sends the release." Section 9–1–50(a). Taking the evidence in the light most favorable to plaintiff, the thirty-day period began on March 14, 1999, the date the release was sent according to the postmark. Therefore, defendant must have paid plaintiff by mid-April. Since it is undisputed that defendant paid plaintiff on March 25, 1999, well within thirty days of March 14, summary judgment was properly granted because the remedies in § 9–1–50 are available only when the payor fails to pay within thirty days.

■ The plaintiff also had asserted a claim for interest under § 9–21–8. Section 9–21–8 provides that "[e]very judgment for money shall draw interest at the rate of twelve percent (12%) per annum to the time of its discharge." In this case the trial justice failed to expressly address § 9–21–8's applicability, and plaintiff did not raise it on appeal. Therefore, we deem plaintiff's § 9–21–8 claim waived.

■ Furthermore, we made clear in *LaPlante v. Honda North America, Inc.*, 697 A.2d 625, 629 (R.I.1997), that § 9–1–50 does not entitle the plaintiff to interest on the settlement amount; rather it constitutes a single claim for punitive damages plus interest on punitive damages. To the extent that the plaintiff's claim for interest arises solely from § 9–1–50, we conclude that he could not prevail on a claim for interest when he has failed to prevail on his claim for punitive damages.

## Conclusion

Accordingly, the plaintiff's appeal is denied and dismissed. The judgment of the Superior Court is affirmed. The papers in the case are remanded to the Superior Court.

---

**3.** The trial justice granted defendant's motion, ruling that "the legislature intended there had to be a deliberate disregard for the rights of the claimant, and * * * plaintiff has not come forward with facts to demonstrate those essential elements."

In *Hutter v. Hartford Accident & Indemnity Co.*, 710 A.2d 665, 666 (R.I.1998), we discussed the burden-shifting framework of G.L. 1956 § 9–1–50. In that case, we concluded that because § 9–1–50 raises a presumption of deliberateness, the burden is on defendant to rebut the presumption by introducing evidence disputing the existence of an improper motive behind nonpayment. *See Hutter*, 710 A.2d at 666. Once a defendant makes that showing "the slate [is] effectively wiped clean." *Id.* To prevail, a plaintiff has to introduce evidence of willful, malicious or reckless conduct bordering on criminality to support a punitive damage award under § 9–1–50. *See id.* (citing *Palmisano v. Toth*, 624 A.2d 314, 320 (R.I.1993)).

In this case, it appears that the trial justice misconceived the burden-shifting framework because she stated that plaintiff had the initial burden to come forward with evidence.

Justice GOLDBERG did not participate.

Justice LEDERBERG participated in all proceedings but deceased prior to the filing of this opinion.