### John F. McBURNEY

v.

### Armand A. TEIXEIRA.

### No. 2000–283–Appeal.

Supreme Court of Rhode Island.

June 15, 2005.

---

John F. McBurney, for Plaintiff.

John T. Walsh, Jr., Providence, for Defendant.

Present: WILLIAMS, C.J., GOLDBERG, FLAHERTY, SUTTELL, and ROBINSON, JJ.

## OPINION

PER CURIAM.

The plaintiff, John F. McBurney, Esq., brought a lawsuit against the defendant, Armand A. Teixeira, Esq., alleging that he intentionally interfered with a contractual relationship between the plaintiff and a former client. The trial justice granted summary judgment in favor of the defendant on the grounds that the plaintiff's claim was barred by the applicable statute of limitations; the plaintiff appealed. The matter was consolidated for oral argument with *McBurney v. Roszkowski*, 875 A.2d 428 (R.I.2005), pursuant to an order directing all parties to appear and show cause why the issues in the respective appeals should not summarily be decided. After considering the arguments of counsel and examining the memoranda filed by the parties, we are of the opinion that cause has not been shown and that the case should be decided at this time. For the reasons stated below, we deny the plain-

tiff's appeal and affirm the Superior Court judgment.

## Facts and Background

We decide this case contemporaneously with *McBurney v. Roszkowski*, which, although a distinct legal dispute, shares a common factual background with the present appeal. For that reason, we will set forth only those facts necessary to the disposition of the issues raised in the present appeal. The reader may refer to that companion case for a fuller factual background of the somewhat extensive history of this and kindred matters.

On June 25, 1987, Shirley Salerno Bergeron sustained personal injury when she was involved in a car accident. As a result, she retained the legal representation of McBurney, a veteran attorney in Rhode Island, with whom she entered into an attorney-client contingency fee contract. Around the same time, the defendant, Joseph J. Roszkowski, another senior member of the bar in Rhode Island, was appointed to represent Bergeron as an indigent defendant in a wholly unrelated criminal matter then pending in the United States District Court for the District of Rhode Island.

The plaintiff alleges that while serving as Bergeron's counsel in that criminal matter, Roszkowski made a number of false representations to Bergeron regarding the manner in which plaintiff was handling her personal injury suit. McBurney claims that as a result of the comments, Bergeron rejected a settlement offer negotiated by plaintiff, terminated her relationship with him, and hired Roszkowski to handle the case. After first suing Bergeron for un-

paid legal fees, plaintiff eventually filed suit against Roszkowski in June 1994, alleging an intentional interference with a contractual relationship.

One day after the trial began on plaintiff's claim against Roszkowski, the parties agreed to settle the case.[1] A judgment stipulation was entered, after which a document entitled "General Release and Confidentiality Agreement" was executed and signed by the parties. Roszkowski also paid the settlement amount to McBurney. However, four months later, on July 16, 1999, plaintiff filed a "motion to correct the record," claiming that he had not consented to the terms of the judgment stipulation. A justice of the Superior Court denied the motion and plaintiff appealed.

While that matter was on appeal, plaintiff initiated this cause of action against the defendant, Armand A. Teixeira. In his complaint, which was filed on March 22, 2000, McBurney alleged that Teixeira, while working as an associate of Roszkowski, also interfered with plaintiff's contractual relationship with Bergeron by making a number of false statements to her about plaintiff's handling of her personal injury case. As a result, plaintiff alleged, Bergeron discharged him and retained defendant. According to plaintiff, Teixeira made the alleged misrepresentations in early April 1990.

Teixeira promptly moved for summary judgment. He first argued that McBurney's claim was barred by the broad language of the McBurney–Roszkowski release, which specifically released not only Roszkowski, but his firm, his *associates*, and his attorneys, among others, from any claim that was brought or could have been

---

1. Before settling the case against Roszkowski, plaintiff moved to amend his complaint to add Armand A. Teixeira as a defendant. In that amended complaint, plaintiff acknowledged that the basis of his claim against Teixeira was "the same actions complained of against Roszkowski." The trial justice in that matter denied the motion, and plaintiff then initiated this separate cause of action.

brought *in connection with* plaintiff's claim against Roszkowski. Teixeira also maintained that McBurney had brought suit beyond the ten-year statute of limitations that applied to his claim.

In response, plaintiff maintained that the general release and confidentiality agreement was a legal nullity because the signatures on the document, which purported to be those of plaintiff, were, in fact, forged. Secondly, plaintiff maintained that his cause of action against Teixeira was separate and distinct from that brought against Roszkowski, and that it accrued on or about April 6, 1990. Thus, McBurney urged that his suit against Teixeira was initiated within the ten-year statute of limitations. Importantly, McBurney soon thereafter supplemented his then-pending appeal in the *Roszkowski* case by filing a memorandum detailing his allegation that the general release and confidentiality agreement had been forged.

The motion justice granted Teixeira's motion for summary judgment, but solely on the grounds that his claim was brought after the ten-year statute of limitations had expired. In her decision, the motion justice specifically declined to pass on whether the release would also support summary dismissal of plaintiff's case, noting that plaintiff had raised the validity of the release before this Court in the *Roszkowski* appeal. Nevertheless, plaintiff appealed the summary dismissal of his suit against Teixeira.[2] For the following reasons, we affirm the judgment of the Superior Court.

### Analysis and Discussion

■ On appeal, plaintiff contends that the motion justice erred in granting summary judgment in favor of defendant because plaintiff's cause of action accrued on April 3, 1990, and was commenced within the applicable ten-year statute of limitations. We need not reach this issue. Rather, based on our holding today in *Roszkowski,* we are of the opinion that plaintiff's suit against Teixeira is barred by the clear and unambiguous language of the general release and confidentiality agreement between plaintiff and Joseph P. Roszkowski.

That release, which was executed in March 1999, contains the following relevant provisions:

"KNOW ALL MEN THAT JOHN F. McBURNEY, JR., and MCBURNEY LAW SERVICES, INC., a professional corporation (hereinafter 'Releasors'), in consideration of the sum of * * *, to them paid by ATTORNEY JOSEPH J. ROSZKOWSKI, and ZIMMERMAN, ROSZKOWSKI & BRENNER, ATTORNEYS, their heirs, executors, representatives, agents, employees, attorneys, affiliates, associates, insurance carriers, successors and assigns (hereinafter 'Releasees'), the receipt whereof is hereby acknowledged, do hereby remise, release and forever quitclaim unto said Releasees, (and to any and all other persons, firms, or corporations, their employees, agents, servants, representatives, officers, directors, successors and assigns, whether now known or unknown who are, or may in the future be determined to be liable to Releasors, for

---

**2.** Because plaintiff had asserted that the signatures on the general release and confidentiality agreement had been procured through fraud, we remanded plaintiff's appeal in *McBurney v. Roszkowski* for findings of fact concerning the authenticity of those signatures. Although the trial justice in the instant case sensibly did not rely on the settlement in her decision to grant Teixeira's motion for summary judgment, we nevertheless joined this matter in that remand in light of the commonality of the arguments made by plaintiff in both matters.

and on account of the matters and occurrences hereinafter set forth), any and all manner of actions, causes of action, debts, dues, claims and demands, both in law and in equity, more especially, without limiting the generality of the foregoing, any claim of any nature whatsoever, whether known or unknown, anticipated or unanticipated, arising out of any cause of action which was brought or could have been brought in connection with that action pending in Providence County Superior Court, * * * entitled: *John F. McBurney v. Joseph J. Roszkowski,* which against said Releasees, or any other person, firm or corporations, said Releasors ever had, now had, or in the future may have for or by reason or means of any matter or thing from the beginning of the world to the date of these presents."

In reviewing this release, we are governed by the "well-settled rules on the interpretation of contracts." *W.P. Associates v. Forcier, Inc.,* 637 A.2d 353, 356 (R.I.1994). "In particular, a court must find that a contract is ambiguous before it can exercise judicial construction of the document." *Id.* "If the court finds that the terms of an agreement are clear and unambiguous, the task of judicial construction is at an end and the agreement must be applied as written." *Id.* "Applying this standard, we have consistently found that an agreement is ambiguous only when it is reasonably and clearly susceptible to more than one interpretation." *Id.* "In determining whether an agreement is clear and unambiguous, the document must be viewed in its entirety and its language be given its plain, ordinary and usual meaning." *Id.* In such circumstances, "the language of the release itself is controlling in determining the intent of the parties and 'governs the legal consequences of its provisions.'" *Nelson v. Ptaszek,* 505 A.2d 1141, 1143 (R.I.1986) (quoting *Dudzik v.*

*Leesona Corp.,* 473 A.2d 762, 765 (R.I. 1984)).

We need not apply an exhaustive analysis in this case. After a careful review of the relevant terms of the general release and confidentiality agreement at issue here, we are of the opinion that the broad, all-encompassing language of the document is clear and unambiguous and susceptible only to one reasonable interpretation. The instrument extends to Roszkowski's firm, the firm's agents, employees, attorneys, affiliates, and associates and releases those parties from *"any and all manner of actions,"* "known or unknown," which could have been brought *"in connection with"* plaintiff's original suit against Roszkowski. Undoubtedly, the broad terminology of the release evinces a clear intent on the part of both McBurney and Roszkowski to bring finality to any and all claims arising in connection with their original dispute, and thus to foreclose the prospects of any further litigation arising out of or in connection with that original suit. We do not believe that there can be any other reasonable interpretation of those terms.

Although the motion justice in this case refrained from deciding whether the release barred the plaintiff's suit against Teixeira, the record reflects that she did so only because the plaintiff had challenged the authenticity of that same release in his *Roszkowski* appeal. Today, however, we have decided that appeal, as well, holding that the signatures on the general release and confidentiality agreement are authentic, and thus, that the terms set forth in the agreement are binding on McBurney. Having reached this conclusion as a matter of law, we are of the opinion that the plain language of the General Release and Confidentiality Agreement released Teixeira from any liability that he may have had to

McBurney with respect to the matters referenced in the release. Teixeira was an associate attorney at the law firm of Roszkowski, Zimmerman & Brenner at all times relevant to this matter. Moreover, McBurney's claim against Teixeira emerges from the same core of operative facts as did his claim against Roszkowski. We are mindful that it is within the authority of this Court to affirm a Superior Court judgment on any ground, without passing on the rationale that the lower court relied on to justify its decision. *Maciszewski v. Flatley*, 814 A.2d 342, 345 (R.I.2003). Accordingly, we are of the opinion that summary judgment was properly entered against the plaintiff.[3]

## Conclusion

For the reasons stated here, we affirm the judgment of the Superior Court. The record shall be remanded to the Superior Court.

---

**3.** In light of our holding, we need not consider whether plaintiff commenced his suit against Teixeira within the statute of limitations.